# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. __1:19-cv-00725__

DOROTHY L. FARRELL,

    Plaintiff,

v.

BC SERVICES, INC.,

    Defendant.

## COMPLAINT

**NOW COMES** Dorothy L. Farrell ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of BC Services, Inc., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action against Defendant seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Colorado Fair Debt Collection Practices Act ("CFDCPA") pursuant to CO Rev. Stat. § 5-16-101.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant maintains significant business contacts in the District of Colorado, Plaintiff resides in the District of

Colorado, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

## PARTIES

4. Plaintiff is a Colorado resident and natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant's principal purpose of business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or telephones to collect delinquent accounts allegedly owed to a third party. Defendant's principle office is located at 550 Disc Drive, Longmont, Colorado 80503.

## FACTS SUPPORTING CAUSE OF ACTION

6. Prior to the conduct giving rise to this claim, Plaintiff defaulted on a medical bill in the amount of $150.00 ("subject debt"). Plaintiff was unable to make timely payments on the subject debt because Plaintiff's sole income is through Social Security disability.

7. While the subject debt was in default, Defendant acquired the right to collect or attempt to collect on the subject debt.

8. In or around February 2016, Plaintiff began receiving calls to her cellular telephone from Defendant in an attempt to collect on the subject debt.

9. Plaintiff began receiving these calls to her cellular telephone number, (719) XXX-9470.

10. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services ending in 9470.

11. Immediately after the calls began, Plaintiff answered a call to her cellular telephone from Defendant. In the call, Plaintiff explained to Defendant that she is on social security and is not able satisfy nor make a payment on the subject debt.

12. Despite Plaintiff informing Defendant that she is not finically capable of making a payment on the subject debt, Defendant continued to call Plaintiff's cellular telephone. Plaintiff became frustrated and demanded that Defendant cease calling her.

13. Failing to acquiesce to Plaintiff's demand that it stop calling, Defendant continued to call Plaintiff.

14. Notwithstanding Plaintiff's request that Defendant cease placing calls to her cellular telephone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone between February 2016 and the present day.

15. Plaintiff *never* provided her cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls. Upon information and belief, Defendant obtained Plaintiff's cellular number through a method known as "skip tracing."

16. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of 'dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

18. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone number using an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

20. The phone number that Defendant most often used to contact Plaintiff was (720) 494-2995, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

## DAMAGES

21. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

22. Plaintiff has expended time consulting with her attorneys as a result of Defendant's harassing conduct.

23. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

24. Defendant's phone harassment campaign caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

25. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone numbers such that Plaintiff was unable to receive other phone calls.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

28. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or telephones to collect delinquent accounts allegedly owed to a third party.

30. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

31. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

32. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

33. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), and f through its unlawful debt collection practices.

   a. **Violations of FDCPA § 1692c**

34. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

35. Furthermore, Defendant has relentlessly called Plaintiff numerous times. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

36. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

### b. Violations of FDCPA § 1692d

37. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to her cellular phone.

38. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous phone calls to Plaintiff's cellular telephone using an automated telephone dialing system without Plaintiff's consent.

### c. Violations of FDCPA § 1692f

39. Defendant violated §1692f by using unfair and unconscionable means in attempt to collect on the subject debt.

40. Defendant unfairly harassed Plaintiff with numerous phone calls to her cellular phone in hope of annoying her to the point where she would break down and make a payment on the subject debt.

41. As plead above, Plaintiff was severely harmed by Defendant's harassing conduct.

42. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after she demanded such calls cease.

43. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Colorado in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

44. Upon information and belief, Defendant has no system in place to document and archive valid revocation of consent by consumers.

**WHEREFORE**, Plaintiff DOROTHY L. FARRELL respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

47. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

48. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

49. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

50. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone between July 2016 and the present day, using an ATDS without her prior consent.

51. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

52. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

53. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

54. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

55. Defendant, through its agents, representatives, vendors, third-party contractors, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

56. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff DOROTHY L. FARRELL respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT

57. Plaintiff restates and realleges paragraphs 1 through 55 as though fully set forth herein.

58. Plaintiff is a 'consumer" as defined by CO Rev. Stat. § 5-16-103(5).

59. The alleged subject debt is a "debt" as defined by CO Rev. Stat. § 5-16-103(8)(a).

60. Defendant is a "debt collector" as defined by CO Rev. Stat. § 5-16-103(9).

61. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined by CO Rev. Stat. § 5-16-103(4).

62. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

### a. Violations of CO Rev. Stat. § 5-16-106

63. Defendant violated § 5-16-106(1) by engaging in conduct with the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the subject debt.

64. Defendant's repeated behavior of systematically calling Plaintiff's cellular phone over and over after she notified it to cease calling was harassing and abusive. Even after being notified to cease calling, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt. Defendant has relentlessly called Plaintiff on

numerous occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's notification with the goal of annoying and harassing Plaintiff.

65. Defendant caused Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to harass, oppress, or abuse Plaintiff. Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone using an automated telephone dialing system without Plaintiff's consent.

66. As pled above, Plaintiff was harmed by Defendant's illegal conduct.

67. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

**WHEREFORE**, Plaintiff DOROTHY L. FARRELL respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying CFDCPA violations;
   c. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: March 11, 2019                                  Respectfully Submitted,

/s/ Marwan R. Daher                                    /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                  Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                                *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                               Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                  2500 South Highland Avenue, Suite 200
Lombard, IL 60148                                      Lombard, IL 60148
Telephone: (630) 537-1770                              Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                                 osulaiman@sulaimanlaw.com